UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nakesha Milburne,<br><br>                    Plaintiff,<br><br>-against-<br><br>Frank Bisignano, Commissioner of Social Security,[1]<br><br>                    Defendant. | 1:22-cv-03560 (JGK) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE:**

## INTRODUCTION

On September 24, 2025, Nakesha M. Milburne ("Plaintiff") moved for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b). (Pl.'s 9/24/25 Not. of Mot., ECF No. 29.) Pursuant to a written contingency fee agreement between Plaintiff and Eddy Pierre Pierre, Esq. ("Attorney Pierre Pierre"), Plaintiff agreed to pay Attorney Pierre Pierre up to twenty-five percent of her past due benefits pursuant to 42 U.S.C. § 406(b). (Retainer Agmt., ECF No. 31-1, at PDF p. 1.) By Notice of Award, dated September 8, 2025, the SSA calculated past-due benefits for Plaintiff and stated that it was withholding $16,800.25 (*i.e.*, 25 percent of the benefits) in order to pay the approved attorney's fees. (9/8/25 Not. of Award, ECF No. 31-3, at 4.)

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano, the Commissioner of the Social Security Administration ("SSA"), is substituted in place of Kilolo Kijakazi, who had been an acting Commissioner of the SSA.

For the reasons set forth below, it is respectfully recommended that Attorney Pierre Pierre's motion be GRANTED, that Attorney Pierre Pierre be awarded attorney's fees in the amount of $16,800.25, and that Attorney Pierre Pierre be ordered promptly to refund to Plaintiff the sum of $7,100.00, which is the amount of attorney's fees previously paid to Attorney Pierre Pierre under the Equal Access to Justice Act ("EAJA"). (*See* 4/21/23 Stip. & Order, ECF No. 28.)

## DISCUSSION

### I. Legal Standards

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the

2

district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court then considers the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id*. (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

**II.   Application**

    **A.   Timeliness**

The 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b). *See Sinkler v. Berryhill*, 932 F.3d 83, 85, 87-88 (2d Cir. 2019). "[A] practical problem arises with filing a motion within that time: the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award." *Id*. at 87. To avoid imposing a "deadline that cannot be met," the doctrine of equitable tolling may be applied to extend the time to file a fee motion until 14 days

3

after "counsel receive[d] notice of the benefits award." *Id*. at 85, 87-88. An untimely motion under Rule 54(d) can be excused where a court finds that the delay was attributable to "excusable neglect." *Tancredi v. Metro Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004). "Excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 629 (S.D.N.Y. 2016) (cleaned up) (citing *Tancredi*, 378 F.3d at 228).

In the present case, the Notice of Award is dated September 8, 2025 (Not. of Award at 1) and Attorney Pierre Pierre presumptively received it three days later, on September 11, 2025. *See Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."); *see also Saunders v. Comm'r of Soc. Sec.*, No. 19-CV-00022 (RA), 2024 WL 4696022, at *2 (S.D.N.Y. Nov. 6, 2024) (claimant presumptively received mailed notice three days after issuance). Attorney Pierre Pierre filed the pending motion seeking attorney's fees on September 24, 2025, two days after the 14-day filing period. (*See* Pl.'s 9/24/25 Not. of Mot.)

Having considered the record in this case, the Court exercises its discretion to "enlarge th[e] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89. Attorney Pierre Pierre acknowledges that the motion was untimely filed and alleges that the tardiness occurred "because of law office oversight in calendaring the matter and counsel was out of office." (Pierre Pierre Aff. ¶ 14.) Given the circumstances surrounding the delay, and that the motion was promptly filed once Attorney Pierre Pierre became aware of the oversight, it is recommended that the Court exercise its discretion to enlarge the filing period.

B.     **Reasonableness Of The Fee Award**

As set forth above, Plaintiff and Attorney Pierre Pierre entered into a fee agreement under which Plaintiff agreed to pay Attorney Pierre Pierre up to 25% of past-due benefits if the litigation was successful. (*See* Retainer Agmt. ¶ A.) The Court finds that the fee award sought is reasonable under § 406(b). First, Attorney Pierre Pierre's requested fee meets, but does not exceed, the 25% statutory cap and there is no evidence or suggestion of fraud or overreaching. *See Gisbrecht*, 535 U.S. at 808. Turning to the reasonableness factors, the Court finds that the fee is in accordance with the character of the representation and the results achieved. After bringing this action to challenge the denial of benefits, Attorney Pierre Pierre reviewed the 889-page administrative record (ECF No. 13), filed a 26-page memorandum of law (Pl.'s 10/17/22 Mem., ECF No. 17) and achieved a remand of the case to the SSA for further proceedings. *See Mcenery v. Comm'r of Soc. Sec.*, No. 21-CV-07827 (CS), 2024 WL 4815849, at *4 (S.D.N.Y. Nov. 18, 2024) (citing *Fields*, 24 F.4th at 854). Back before the SSA, the ALJ found Plaintiff to be disabled and entitled to receive benefits. Such a result was far from certain given that Plaintiff previously had been denied benefits. (*See* Pl.'s 10/17/22 Mem. at 1.) In addition, nothing in the record indicates that Attorney Pierre Pierre caused any unreasonable delay in this action.

Finally, with respect to the so-called "windfall" factor, the Court finds that Attorney Pierre Pierre's requested fee of $16,800.25 is not inappropriately large in light of the combined 36.96 hours (29.37 attorney, 7.59 paralegal) that Attorney Pierre Pierre and his staff devoted to the case and the successful result that he achieved. (*See* Pierre Pierre Aff. ¶ 12; Time Records, ECF No. 31-2.) For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the

5

attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Attorney Pierre Pierre has spent many years exclusively litigating Social Security cases in this District and possesses the requisite ability and expertise in this field. (*See* Pierre Pierre Aff. ¶¶ 2-4.) Courts within the Second Circuit routinely endorse 20 to 40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-CV-06721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). Thus, the Court finds that the 29.37 hours Attorney Pierre Pierre spent working on the case were reasonable. Additionally, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of counsel's representation.

Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see Fields*, 24 F.4th at 854—counsel effectively would be compensated here at an hourly rate of $572.02 ($16,800.25 ÷ 29.37). This rate is well within the range of *de facto* hourly rates approved by courts within this Circuit and is substantially less than the $1,556.98 de facto hourly rate approved by the Second Circuit in *Fields*. *See id*. at 854-57; *see also Saunders*, 2024 WL 4696022, at *1 (approving *de facto* hourly rate of $895.52. as "well within the orbit of other fee requests approved by courts in this circuit").

6

Although attorneys may file for both EAJA and Section 406(b) fees, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Therefore, upon receipt of his Section 406(b) fee award, Plaintiff's counsel should refund to Plaintiff the sum of $7,100.00. (*See* Pierre Pierre Aff. ¶ 11.)

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's counsel's motion for attorney's fees be GRANTED, that Plaintiff's counsel be awarded $16,800.25 in fees and that, upon receipt of this sum, Plaintiff's counsel should refund the previously paid EAJA fees of $7,100.00 directly to the Plaintiff.

Dated: New York, New York
October 4, 2025

_____
STEWART D. AARON
United States Magistrate Judge

\*   \*   \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Koeltl.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).